UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 1:11-CR-21-2-TLS |
| JERMORRIS T. SEWELL | |

**OPINION AND ORDER**

This matter is before the Court on a Letter [ECF No. 435], filed by Defendant Jermorris T. Sewell on July 22, 2019, and a Motion to Withdraw [ECF No. 442], filed by Attorney Thomas N. O'Malley on October 4, 2019. For the reasons set forth below, the Court grants Attorney O'Malley's Motion to Withdraw and denies any request by Defendant for relief under the First Step Act.

**BACKGROUND**

On July 22, 2019, Defendant filed a letter [ECF No. 435], asking for appointment of counsel because Defendant believes he is eligible for a reduction in his term of supervised release under the First Step Act. On July 24, 2019, the Court issued an Order [ECF No. 436], appointing counsel and directing the United States Probation Officer to file a report regarding Defendant's eligibility under the First Step Act. On July 30, 2019, Attorney Thomas N. O'Malley entered his appearance on behalf of the Defendant [ECF No. 437]. On August 7, 2019, the United States Probation Officer filed an Addendum to the Presentence Report [ECF No. 438]. Subsequently, Attorney O'Malley filed the instant Motion to Withdraw [ECF No. 442] on the basis that Defendant is not entitled to a reduction in his term of supervised release. The Court set a deadline of November 5, 2019, for Defendant to file a pro se motion, if any, and Defendant has not filed a motion.

## ANALYSIS

Section 404 of the First Step Act permits a court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, i.e., certain crack cocaine offenses. *See* First Step Act, § 404(a), (b); *see also Dorsey v. United States*, 567 U.S. 260, 269 (2012) (explaining that the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum").

The Fair Sentencing Act did not provide relief to defendants who were sentenced prior to its enactment. However, in 2012, the Supreme Court held in *Dorsey* that the Fair Sentencing Act applies to any defendant sentenced on or after August 3, 2010, for offenses committed before that date. *See Dorsey*, 567 U.S. at 273, 282. One limitation on relief under the First Step Act is that the Court may not consider a motion to reduce a sentence "if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . ." First Step Act, § 404(c).

Although Defendant was convicted of a crack cocaine offense that he committed prior to August 3, 2010, for which the statutory penalty was modified by section 2 of the Fair Sentencing Act, Defendant is not entitled to relief under the First Step Act because his sentence was already imposed in accordance with the amendments made by Section 2 of the Fair Sentencing Act. On

February 19, 2013, Defendant pled guilty to Count 1 of the Superseding Indictment [ECF No. 122], pursuant to the terms of a plea agreement [ECF Nos. 247, 255]. Count 1 of the Superseding Indictment charged Defendant with conspiracy to possess 28 grams or more of crack cocaine and 500 grams or more of cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. On March 12, 2013, the Government filed an Information [ECF No. 271] pursuant to 21 U.S.C. § 851(a)(1), indicating its intent to seek an enhanced sentence based on Defendant's prior felony drug conviction.

On June 27, 2013, the Court sentenced Defendant to 110 months imprisonment and 8 years of supervised release. *See* ECF No. 329. Based upon the 28 grams or more of crack cocaine charged in Count 1 of the Superseding Indictment and the Government's § 851 Notice, the mandatory minimum period of supervised release for Defendant was 8 years. *See* 21 U.S.C. § 841(b)(1)(B). In addition, on July 21, 2015, Defendant's term of imprisonment was reduced to 92 months under United States Sentencing Commission Amendment 782. *See* Order, ECF No. 419. Defendant's mandatory minimum period of supervised release remains 8 years. Finally, Defendant is no longer in custody of the BOP and is currently on supervised release.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Withdraw [ECF No. 442], and the appearance of Attorney Thomas N. O'Malley on behalf of Defendant is hereby withdrawn. The Court DENIES any reduction in Defendant's term of supervised release sought under the First Step Act in his letter [ECF No. 435].

SO ORDERED on December 3, 2019.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT